# MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
A PROFESSIONAL CORPORATION    www.marshalldennehey.com

A DEFENSE LITIGATION LAW FIRM

**PENNSYLVANIA**
Bethlehem
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton
Williamsport

**NEW JERSEY**
Cherry Hill
Roseland

**DELAWARE**
Wilmington

**OHIO**
Cleveland

**FLORIDA**
Ft. Lauderdale
Jacksonville
Orlando
Tampa

**NEW YORK**
New York

**140 Broadway, 19th Floor, New York, NY 10005**
**(212) 878-1708 · Fax (212) 878-1701**



**Direct Dial: (212) 878-1708**
**Email: JJImeri@mdwcg.com**

August 5, 2011

Honorable Roslynn Mauskopf
United States District Judge
United Stated District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    RE:    Oruch Lowenbein v. United Recovery Systems, LP
            United States District Court for the Eastern District of New York
            Docket No.:  11-cv-0613
            Our File No.:  21096.00148

Your Honor:

    My firm represents Defendant, United Recovery Systems, LP ("URS"), in the above-referenced action. On or about February 7, 2011, Plaintiff, Oruch Lowenbein, filed a Class Action Complaint against URS alleging that voice messages left for Plaintiff and other individual consumers in the State of New York by URS, in connection with the collection of debts, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

    On or about April 12, 2011, Plaintiff's counsel informed counsel for URS that he was contemplating additional claims against URS under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq., alleging that URS placed calls to the cellular telephones of Plaintiff and others using a predictive autodialer and pre-recorded voices, without the consent to do so by Plaintiff and as to each individual in his putative class.

    Pursuant to a directive by Magistrate Azrack at the initial conference, URS has provided Plaintiff with initial written discovery. On or about July 27, 2011, counsel for Plaintiff filed a letter with the Court requesting a conference regarding leave to amend his Complaint to add claims pursuant to the TCPA.

    On or about July 27, 2011, Your Honor entered an Order directing Defendant to show cause as to why the Court should not grant Plaintiff leave to amend his Complaint to

August 5, 2011
Page 2

---

add an additional cause of action under the TCPA. In response to Your Honor's Order, URS submits the following argument as to why Plaintiff's request for leave to add an additional cause of action under the TCPA should be denied as futile.

Plaintiff is seeking to amend his complaint to assert that, because URS utilizes an autodialer at times to make calls to residential telephone numbers, and because URS allegedly placed calls to Plaintiff's cellular telephone, URS must have used an autodialer to make calls to Plaintiff's cellular telephone. It is this leap – that URS used an autodialer to call Plaintiff's cellular telephone, without any factual basis, that renders Plaintiff's request to amend to add a TCPA claim futile.

URS does not call cellular telephones using an automated dialer. In fact, to avoid unintended calls to cellular telephones, URS employs a service to scrub telephone numbers and thereby remove cellular telephone numbers and only permits manual calls to cellular telephone numbers. Plaintiff seeks leave to amend to add a non-viable TCPA claim with no legitimate support for such a claim. The evidence provided by URS in this matter shows that each call placed to Plaintiff's cell phone by URS was manually dialed. This is significant because the TCPA has been deemed to apply to debt collectors only in the context of calls from predictive autodialers made to cellular telephones without consent of the consumer to call the subject number. See <u>In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Request of ACA International for Clarification and Declaratory Ruling</u>, CG Docket No. 02-278 (January 4, 2006)(clarifying that the TCPA's applicability to debt collectors is limited to wireless calls by autodialers that have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator).

In the recent decision, <u>Dobbin v. Wells Fargo Auto Fin.</u>, Inc., 2011 U.S. Dist. LEXIS 63856, Case No. 10 C 268 (N.D. Ill. June 14, 2011), the District Court rejected the argument that manual calls to cellular telephones, even if such calls were made on the same telephone lines for a predictive dialer, give rise to a viable TCPA claim. <u>Dobbin</u>, at *11. In <u>Dobbin</u>, Plaintiffs' only offer of evidence regarding their TCPA claim was a declaration from a technology consultant who stated that the defendant possessed an automatic dialing system, which defendant conceded. <u>Id.</u> The Court denied the TCPA claim because the plaintiffs presented no facts to show that the calls made to plaintiffs' cell phones were autodialed. In contrast, the defendant's records showed, as here, that its calls were dialed manually. <u>Id.</u> at *12.

The facts of the case at bar are very similar to that those in <u>Dobbin</u>. First, URS utilizes an automated system to scrub telephone numbers for the express purpose of removing cellular telephone numbers from any autodialer system. Second, URS utilizes a company, Interactive Marketing Solutions' Wireless Block Identification Service, to identify cellular telephone numbers. Once a cellular telephone number is identified by URS' internal identification systems, the number is coded as a cellular telephone number and all calls to that particular number are manually dialed. With respect to Lowenbein, URS' records show that calls to a cellular telephone number associated with Lowenbein were

made manually. As such, Plaintiff offers absolutely no basis for asserting a TCPA claim other than wishful thinking in the absence of any plausible facts.

Although URS recognizes that courts should freely allow plaintiffs leave to amend complaints in the interests of justice pursuant to Fed. R. Civ. P. 15(a)(2), it is not an abuse of discretion for a District Court to deny leave to amend a complaint when, as in the present matter, the amendment would be futile. See Pusey v. Delta Airlines, Inc., 2010 U.S. Dist. LEXIS 142397, *4-5 (E.D. N.Y. Sept. 27, 2010) (citing Okoi v. El Al Israel Airlines, 378 Fed. Appx. 9, 2010 WL 1980263, at *2 (2d Cir. May 19, 2010)) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Here, Plaintiff has failed to offer any facts or evidence to even suggest that the TCPA is applicable as to URS. The addition of TCPA claims to the Complaint is simply a futile exercise based on Plaintiff's unsupported suspicion or assumption that, because URS utilizes an autodialer, it must have used an autodialer to place calls to Plaintiff's cellular telephone. As such, denial of a motion for leave not only avoids a wasteful exercise, denial of the leave to amend is appropriate and within the Court's discretion. URS therefore respectfully requests that Plaintiff's efforts to revise his Complaint to add a non-meritorious and futile claim be denied.

        Respectfully submitted,

        /s/

        Jeffrey J. Imeri

cc:   Adam J. Fishbein, Esq.